His Honor, Chancellor Dunkin,
decreed as follows :
This case is presented under two aspects. The interest of the defendants under the deed of Josiah Smith, was, it is said, during the lifetime of their father, a contingent remainder, which he might have barred by feoffment and livery of seisin.
It is then urged, that if the mortgage, foreclosure .and judicial sale are not equivalent to a deed of feoffment, yet that the defendants pught noi, as against creditors, to be allowed to avail themselves of this defect, but should be enjoined ■from setting up the deed .of Josiah Smith, and be decreed to join in confirming the title of the complainant.
The application to this court supposes and admits, that the ^complainant has no remedy at law. Will this court aid a purchaser from the tenant for life, who has made an ineffectual attempt to destroy the contingent remainders, as against the remaindermen 1 In Dehon vs. Redfern, (Dudley Eq. 123,) this court refused to compel a purchaser from the tenant for life, to receive a title, admitted to be perfect, but which was intended to defeat the remainders. In the case under consideration, the defendants take nothing by or through .their father, the tenant for life, but are purchasers under the deed of the grantor. It is not perceived that any difference exists between their condition and that of strangers who were remaindermen, and whose title this court would lend no aid in disturbing. 1 Fonb. B. 1, ch. 187, n. (w.)
But on the death of the tenant for life, the estate is limited fto the use of such persons, and for such purposes as the said *35 tfm. S. Smith, by any writing, in nature of his last will, executed in the presence of three credible witnesses, might appoint. Having the power to appoint to whom he pleased, it is insisted by the complainants, that he was bound to appoint the same for the payment of his debts ; and that the deeds are an equitable execution of the power of appointment, which this court will perfect in favor of creditors; Several cases were cited, in which a party having a general poWer of appointment, was treated, in this court, as the owner of the estate. And in Townsend vs. Medham (2 Ves. 1,) where the power was executed in favor of a child; it was considered as a voluntary gift, and set aside in favor of creditors; “Where,” says Lord Hardwicke, in that case, “there is' a general power of appointment of a sum of money, which it is' absolutely in the pleasure of the party to execute or not, lie may do it for any purpose whatever, and appoint the money to be paid to himself, or his executors, if he pleases. If he execute it voluntarily, without consideration, for the benefit'of a third person, this shall be considered as part of his assetts, and his creditors have the benefit of it.” And so in Pack vs. Bathurst, (3 Atk. 290.) But in'all the cases the power of appointment is general by deed or will.
There was certainly something in what was said for the 'complainant, that he was entitled to every security, which Smith might have given him. But this assumes that the preftfises belonged to W. S. Smith; Now, originally, the fee was in Josiah Smith. By his grant, W. S. Smith had an estate for life;with a power of disposing of the inheritance. As is said in Tomlinson vs. Dighton, (1 P. Wms. 271,) “the estate limited, being express and certain, the power is a distinct gift, and comes in by Way of addition.” In Reid vs. Shergold, (10 Ves. 379,) Lord Eldon holds the rule to be well settled; that where there is an express limitation for life, with power to dispose by will,' the *36 interest is equivalent only to an estate for life; and the powder is to be executed prima facie, at least, by will.” He adds, “he studiously confines her power of giving the premises to a power of giving by will, in its nature revocable in every period of life; the power was given in that way, to protect her against her own act; she had nothing therefore in interest, but for her life. In point of authority, she might, by her will, have made a disposition, to take effect after her death.” The Lord Chancellor concludes with some remarks which may not be inapplicable to the argument in this case. “It is then said, if the' sale is not good as a sale, it shall be taken to he either something in the nature of a contract, with reference (o which a purchaser for valuable consideration, is to be aided; or an attempt, an act done, in or towards the execution, in respect of which this court will aid him. I do not stay to determine, whether it appears that she meant to execute the power,” &c. “The testator did not mean that she should so execute her power. He intended that she should give by willj- or not at all; and it is impossible to hold, that the execution of an instrument or deed, which, if it availed to any purpose, must avail to the destruction of that power, the testator meant to remain capable of execution to the moment of her death, can be considered, in equity, an attempt in or towards the éxecution of the power.” On the authority of this, and some other cases, Mr. Justice Story states the rule, “that if the power ought to be executed by deed, but it is executed by a will, the defective execution will be aided. But if the power ought to be executed by a will, and the do-nee should execute a conveyance of the estate by a deed, it will be invalid.” 1 Story Eq. 185.
Upon the whole, I am of opinion, that it is a case in which the court cannot interfere, for the relief of the complainant; and the bill must be dismissed.
*37 The complainant appealed, on the ground that the mortgage by a party who was in possession and able to make a good title, is a contract for assuring the premises to the mortgagee, which the heirs of the mortgagor should be compelled to perform.
The court unanimously concurred with the Chancellor, for the reasons stated in the decree.